

DEPARTMENT OF THE ARMY
U.S. Army Corps of Engineers
WASHINGTON, D.C. 20314-1000

REPLY TO
ATTENTION OF:

24 JAN 1990

CECW-OR

MEMORANDUM FOR SEE DISTRIBUTION

SUBJECT: Clean Water Act Section 404 Jurisdiction Over Isolated Waters in Light of *Tabb Lakes v. United States*

1. As a result of the Fourth Circuit Court decision in *Tabb Lakes v. United States*, the enclosed Corps of Engineers/Environmental Protection Agency memorandum was developed to provide guidance on the regulation of isolated waters pending completion of rulemaking on this subject.

2. Questions or comments concerning this guidance should be directed to Dr. John Hall (202) 272-0201 or Mr. Lance Wood (202) 272-0035.

FOR THE DIRECTOR OF CIVIL WORKS:

Encl

JOHN P. ELMORE
Chief, Operations, Construction and
   Readiness Division
Directorate of Civil Works




United States Environmental Protection Agency

United States Department of the Army

SUBJECT: Clean Water Act Section 404 Jurisdiction Over Isolated Waters in Light of *Tabb Lakes v. United States*

1. On September 22, 1989, in an unpublished opinion, the United States Court of Appeals for the Fourth Circuit held that the Corps of Engineers may not rely upon memoranda issued on November 8, 1985, and February 11, 1986, by Brigadier General Kelly, then Deputy Director of Civil Works, to assert jurisdiction over isolated waters under section 404 of the Clean Water Act. *Tabb Lakes v. United States*, (No. 89-2905, 4th Cir.). This memorandum provides direction on the continued assertion of jurisdiction over isolated waters, as required by 33 CFR 328.3(a)(3), in the wake of the *Tabb Lakes* decision.

2. *Tabb Lakes* focused on an EPA and Corps interpretation of the definition of "waters of the United States" including isolated waters, described at 33 CFR 328.3(a)(3), as follows:

> All other waters such as intrastate lakes, rivers, streams (including intermittent streams), mudflats, sandflats, wetlands, sloughs, prairie potholes, wet meadows, playa lakes, or natural ponds, the use, degradation or destruction of which could affect interstate or foreign commerce, including any such waters:
>
> (i) Which are or could be used by interstate or foreign travelers for recreational or other purposes; or
>
> (ii) From which fish or shellfish are or could be taken and sold in interstate or foreign commerce; or
>
> (iii) Which are used or could be used for industrial purpose by industries in interstate commerce . . . .

The EPA General Counsel issued guidance on September 12, 1985, interpreting this regulation to include isolated waters which are or could be used as habitat by birds protected by Migratory Bird Treaties, migratory birds which cross state lines, and by endangered species. Brigadier General Kelly adopted this interpretive guidance in the Corps guidance memoranda cited above which were the subject of the *Tabb Lakes* litigation. In *Tabb Lakes*, the Court held that the Corps may not rely on this

interpretive guidance in making a jurisdictional determination because the guidance was a substantive rule that should have been, but was not, proposed for public comment prior to its adoption by the agencies. The United States does not intend to appeal the Fourth Circuit's *Tabb Lakes* decision. Instead, the EPA and the Corps intend to undertake as soon as possible an APA rulemaking process regarding jurisdiction over isolated waters. This memorandum provides guidance on how Corps FOAs and EPA Regional Offices should continue to assert CWA jurisdiction over isolated waters in light of the Court of Appeals decision in *Tabb Lakes*, and pending completion of the rulemaking process.

3. The United States believes that the Fourth Circuit's *Tabb Lakes* decision was incorrect and we reserve the right to re-litigate the legal questions decided in the *Tabb Lakes* case in other circuits. Because this decision is not binding on courts outside of the Fourth Circuit, we will not implement the decision outside the area constituting the Fourth Circuit (i.e., outside the states of South Carolina, North Carolina, Virginia, West Virginia, and Maryland).

4. Within the Fourth Circuit, we will follow the holding of *Tabb Lakes*, which was limited to the procedural notice-and-comment issue discussed above. Thus, within the Fourth Circuit, we will not rely upon or cite the above-referenced memoranda in making jurisdictional determinations. However, we will continue to assert jurisdiction, as required by the "waters of the United States" regulatory definition, over all waters, the use, degradation or destruction of which could affect interstate or foreign commerce, as is required by our existing regulations adopted through the Administrative Procedure Act rulemaking process. Corps FOAs and EPA Regions will apply this regulatory definition to each site on a case-by-case basis, and will evaluate all available information in a manner consistent with the language of the regulations and the expressed Congressional intention that Clean Water Act jurisdiction be exercised over all waters to the fullest extent legally permissible under the Commerce Clause of the Constitution.

5. The following applies to CWA jurisdiction over all isolated waters within the Fourth Circuit. The definition of "waters of the United States" at 33 CFR 328.3(a)(3) was promulgated through the APA rulemaking process and remains in full force and effect notwithstanding the *Tabb Lakes* decision. This definition encompasses "isolated" waters, including isolated wetlands, since it specifically cites as examples of jurisdictional waters "...prairie potholes, wet meadows, [and] playa lakes...", all of which are normally "isolated." We fully intend to implement the *Tabb Lakes* decision within the Fourth Circuit; however, we interpret that decision as allowing the Corps and EPA to continue to assert CWA jurisdiction over isolated waters. Accordingly, we expect Corps FOAs and EPA Regional offices within the Fourth Circuit to continue to regulate isolated

waters, including isolated wetlands, as required by existing regulations. Consultation with your Office of Counsel is advisable for doubtful cases.

6. If there are any questions with regards to implementation, Corps Divisions should contact Mr. Lance Wood (CECC-E, (202) 272-0035) or the Chief, Regulatory Branch (CECW-OR, (202) 272-1785). EPA Regions should contact Mr. Steve Neugeboren (Office of General Counsel, (202) 382-7703) or Ms. Suzanne Schwartz (Office of Wetlands Protection, (202) 475-7799).

For the Chief of Engineers:         For the Environmental Protection Agency:

JOHN P. ELMORE                1/24/90          DAVID G. DAVIS           1-19-90
Chief, Operations, Construction,                Director
  and Readiness Division                        Office of Wetlands Protection
Directorate of Civil Works