IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br>441 G Street, NW<br>Washington, DC 20314<br><br>FRANCIS J. HARVEY, SECRETARY OF THE ARMY,<br>101 Army Pentagon<br>Washington, DC 20310-0101<br><br>LT. GEN. CARL A. STROCK, CHIEF OF ENGINEERS,<br>UNITED STATES ARMY CORPS OF ENGINEERS<br>441 G Street, NW<br>Washington, DC 20314<br><br>LT. COL. ROBERT J. RUCH, DISTRICT ENGINEER,<br>PHILADELPHIA DISTRICT,<br>UNITED STATES ARMY CORPS OF ENGINEERS<br>The Wanamaker Building<br>100 Penn Square East<br>Philadelphia, PA 19107-3390<br><br>Defendants. | No. 1:06-cv-00502<br>(PLF) |

**DEFENDANT'S UNOPPOSED MOTION TO STAY PROCEEDINGS
PENDING A DECISION BY THE UNITED STATES SUPREME COURT**

In this litigation, the National Association of Home Builders ("NAHB") challenges an alleged "rule" issued by the Philadelphia District of the U.S. Army Corps of Engineers (the "Corps"). That "rule," contained in a Technical Support Document ("TSD"), states that the Corps will assert jurisdiction under the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, over certain ditches that function as tributaries of "waters of the United States." The extent of the Corps'

jurisdiction over various types of waters and wetlands is currently before the Supreme Court in the consolidated cases of *Rapanos v. United States*, No. 04-1034, and *Carabell v. U.S. Army Corps of Engineers*, No. 04-1384. The Supreme Court's decision in those cases could change the legal arguments available to the parties in this litigation, and will almost certainly be decided before any resolution of this litigation will be possible. For that reason, pursuant to Federal Rule of Civil Procedure 6(b), the Corps hereby moves for a stay of the present litigation pending a decision of the Supreme Court in *Rapanos* and *Carabell*.

Counsel for NAHB has authorized the Corps to represent that NAHB does not oppose this Motion.

## ARGUMENT

The Army Corps of Engineers exercises jurisdiction under Section 404 of the Clean Water Act to issue permits to any party seeking to discharge dredged or fill material into navigable waters of the United States. 33 U.S.C. § 1344(a). The criteria for determining whether jurisdiction exists over a particular water body are found in 33 C.F.R. part 328, "Definition of Waters of the United States." Those regulations state that "waters of the United States" include various types of navigable and interstate waters, and "tributaries" of those waters." 33 C.F.R. § 328.3(a)(5).

NAHB alleges in its Complaint that the interpretation of this regulation in the Corps' Philadelphia District has changed, and that the change constitutes a new "legislative rule" under the APA. Specifically, NAHB alleges that the Corps had not previously regulated ditches dug in upland areas as "waters" for purposes of the CWA permit requirement, *see* Compl. ¶ 35, but that in 2003, the Philadelphia District "changed the jurisdictional status" of such ditches in a

telephone call between an Assistant Branch Chief and a field biologist. *Id.* ¶ 36. NAHB further alleges that a Technical Support Document issued by the Philadelphia District subsequently confirmed that in the Philadelphia District, upland ditches that "function as tributaries" to jurisdictional waters were subject to Corps jurisdiction. *Id.* ¶ 40. NAHB alleges that this changed the meaning of 33 C.F.R. § 328.3(a)(5), and that notice-and-comment procedures were therefore required under the APA, 5 U.S.C. § 553.

Underlying these allegations is an ongoing legal debate over the proper extent of the Corps' jurisdiction over waters of the United States under the Constitution and under the Clean Water Act. That is also the subject of two cases that the Supreme Court is considering this Term, which have the potential to affect the arguments that the Corps would present in defending the Philadelphia District's actions.

On February 21, 2006, the Supreme Court heard argument in the cases of *Rapanos v. United States*, No. 04-1034, and *Carabell v. U.S. Army Corps of Engineers*, No. 04-1384. First, the Court is reviewing *United States v. Rapanos*, 376 F.3d 629 (6th Cir. 2004), *cert. granted*, 126 S.Ct. 414 (Oct. 11, 2005), in which the Sixth Circuit held that the Corps could assert Clean Water Act jurisdiction over wetlands that are adjacent to, and have a surface hydrological connection with, the tributaries of traditional navigable waters of the United States (including certain man-made ditches). 376 F.3d at 641-44. Second, the Court is reviewing *Carabell v. United States Army Corps of Engineers*, 391 F.3d 704 (6th Cir. 2004), *cert. granted*, 126 S.Ct. 415 (2005), in which the Sixth Circuit held that the Corps could assert Clean Water Act jurisdiction over wetlands that are adjacent to the tributaries of traditional navigable waters, but separated from them by a man-made berm. 391 F.3d at 708-10. In that case, the Corps'

jurisdictional determination was supported by "a ditch that flows one way or another into tributaries of navigable waters of the United States," which served as "a significant nexus" between the wetlands in question and navigable waters. *Id.* at 710.

Both Supreme Court cases turn on the jurisdictional scope of § 404 of the CWA, the same provision that supports the assertion of jurisdiction contained in the Philadelphia District's Technical Support Document. It is true that neither *Rapanos* nor *Carabell* addresses the exact issue in the present litigation (whether the Philadelphia District could issue the Technical Support Document without following the APA's rulemaking procedures). It is possible that the Supreme Court will make statements in deciding *Rapanos* and *Carabell* that will affect the Corps' (and the public's) understanding of CWA jurisidiction over ditches that function as tributaries to navigable waters.

Courts have long recognized the inherent judicial authority to hold proceedings in abeyance where a stay is in the interest of judicial economy. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to power to control its own docket."); *March v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) ("A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere."). As noted by the Supreme Court, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879, n.6 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

Given the impact that the Supreme Court's decision in *Rapanos* and *Carabell* could have

on this case, it is in the interest of conserving the resources of the Court and the parties for the Corps to have the benefit of that decision before responding to NAHB's Complaint. Furthermore, since the Supreme Court is likely to rule before the end of its Term this summer, the prejudice to NAHB of any delay is minor.

## CONCLUSION

For the foregoing reasons, the Court should grant the Corps' Motion for a Stay of Proceedings, and stay all deadlines in the present litigation until the Supreme Court publishes an opinion in the consolidated *Rapanos* and *Carabell* cases. The Court should set a date for the Corps to respond to NAHB's Complaint of thirty days from the date that an opinion is published in the *Rapanos* and *Carabell* cases.

                                                    Respectfully submitted,

                                                    SUE ELLEN WOOLDRIDGE
                                                    Assistant Attorney General
                                                    Environment and Natural Resources Division

                                                    _/s/ David Gunter_
                                                    DAVID GUNTER
                                                    Environmental Defense Section
                                                    United States Department of Justice
                                                    P.O. Box 23986
                                                    L'Enfant Plaza Station
                                                    Washington DC 20026-3986

Dated: May 3, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS ) ) ) Plaintiff, ) ) v. ) ) ) UNITED STATES ARMY CORPS OF ENGINEERS, et al., ) ) Defendants. ) ) | No. 1:06-cv-00502 (PLF) |

**[PROPOSED] ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTION TO STAY PROCEEDINGS**

Upon consideration of Defendant's Motion to Stay Proceedings, and upon counsel's representation that the Motion is unopposed, and finding that good cause exists to grant the Motion:

Defendant's Unopposed Motion to Stay Proceedings is hereby GRANTED, and it is ORDERED that Defendant's response to Plaintiff's Complaint must be served on or before the thirtieth day after the Supreme Court has issued its opinion(s) in *Rapanos v. United States*, No. 04-1034, and *Carabell v. U.S. Army Corps of Engineers*, No. 04-1384.

SO ORDERED.

———————————————
Hon. Paul L. Friedman
United States District Judge