IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS )<br><br>Plaintiff, )<br>v. )<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al. )<br><br>Defendants. ) | No. 1:06-cv-00502)<br>(PLF) |

**DEFENDANT'S UNOPPOSED MOTION TO
EXTEND TIME TO ANSWER**

The U.S. Army Corps of Engineers (the "Corps") hereby requests an extension of seven

days to answer the Complaint filed in this case by the National Association of Home Builders

("NAHB"). Counsel for NAHB has authorized the Corps to represent that this motion is not

opposed.

The Army Corps of Engineers exercises jurisdiction under Section 404 of the Clean

Water Act ("CWA") to issue permits to any party seeking to discharge dredged or fill material

into navigable waters of the United States. 33 U.S.C. § 1344(a). The criteria for determining

whether jurisdiction exists over a particular water body are found in 33 C.F.R. part 328,

"Definition of Waters of the United States." In this litigation, NAHB alleges that a Technical

Support Document issued by the Philadelphia District of the Corps changes the Corps'

interpretation of 33 C.F.R. part 328, in violation of the Administrative Procedure Act.

Previously in this litigation, the Corps moved to stay proceedings pending the Supreme

Court's decision in *Rapanos v. United States*, No. 04-1034. *Rapanos* concerned the extent of the

Corps' jurisdiction over certain types of waters and wetlands under the CWA. Recognizing that

the case could have implications in this litigation, the Court granted the stay and ordered that the Corps respond to NAHB's complaint within thirty days after the Supreme Court announced its decision in *Rapanos*. The Supreme Court issued its decision in *Rapanos* on June 19, 2006. *See* 126 S.Ct. 2208. As a result, the Corps' deadline for responding to NAHB's Complaint is July 19, 2006.

The Corps and other federal agencies charged with administration of the Clean Water Act are currently engaged in the complex process of examining the several opinions in *Rapanos* and analyzing the implications of the Supreme Court's holding for their regulatory programs. Good cause exists to grant the Corps one additional week to determine how the *Rapanos* decision affects the specific guidance document at issue in this litigation, and to coordinate its position among the several agencies that administer programs affected by *Rapanos*.

For the foregoing reasons, the Corps respectfully requests that this Motion be granted, and that its response to NAHB's complaint be due on or before July 26, 2006.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

DAVID GUNTER
Environmental Defense Section
United States Department of Justice
P.O. Box 23986
L'Enfant Plaza Station
Washington DC 20026-3986

Dated: July 19, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **NATIONAL ASSOCIATION OF HOME BUILDERS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 1:06-cv-00502** |
| | ) | **(PLF)** |
| | ) | |
| **UNITED STATES ARMY CORPS OF ENGINEERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTION TO EXTEND TIME TO ANSWER**

Upon consideration of Defendant's Motion to Extend Time to Answer, and upon

counsel's representation that the Motion is unopposed, and finding that good cause exists to grant

the Motion:

Defendant's Unopposed Motion to Extend Time to Answer is hereby GRANTED, and it

is ORDERED that Defendant's response to Plaintiff's Complaint must be served on or before

July 26, 2006.

SO ORDERED.

_____
Hon. Paul L. Friedman
United States District Judge