IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>Defendants. | No. 1:06-cv-00502 (PLF) |

### DEFENDANTS' UNOPPOSED MOTION FOR VOLUNTARY REMAND

In its Complaint dated March 17, 2006, plaintiff National Association of Home Builders ("NAHB") alleges that the Philadelphia District of the United States Army Corps of Engineers ("Corps") promulgated a regulation concerning the definition of the term "waters of the United States" under Section 404 of the Clean Water Act ("CWA"), 33 U.S.C. § 1344, and 33 C.F.R. § 328.3(a). NAHB alleged that the regulation was contained in a Technical Support Document ("TSD") issued on July 3, 2003, without use of the notice-and-comment procedures described in the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.* ("APA"). Since the filing of the Complaint, the Supreme Court decided *Rapanos v. United States*, 126 S.Ct. 2208 (June 19, 2006), in which the Supreme Court interpreted the term "waters of the United States" in the CWA. The Corps hereby requests that the TSD be remanded to the Corps to allow it to withdraw the TSD and examine the issues underlying the TSD in light of the *Rapanos* decision. Counsel for NAHB has authorized the Corps to represent that this Motion is unopposed.

The Corps is granted authority under the CWA to issue permits to parties seeking to discharge dredged or fill material into waters of the United States. 33 U.S.C. §§ 1344(a),

1362(7). The criteria for determining whether CWA jurisdiction exists over a particular water body are found in 33 C.F.R. part 328, "Definition of Waters of the United States." Those regulations state that "waters of the United States" include various types of navigable and interstate waters, and "tributaries" of those waters. 33 C.F.R. § 328.3(a)(5). To assist its employees in following these regulations, the Philadelphia District issued the TSD, which states (in relevant part) that ditches are subject to CWA jurisdiction "where they connect to jurisdictional waters and function as tributaries to those waters."

In *Rapanos*, the Supreme Court considered a particular application of the Corps' jurisdictional regulations in 33 C.F.R. part 328, holding that the CWA did not provide the Corps jurisdiction over certain wetlands that are connected to non-navigable tributaries of traditional navigable waters. 126 S.Ct. at 2225. This holding does not directly affect the key legal contention in this litigation, which is procedural: NAHB alleges that the Corps issued the TSD in violation of the APA. The Corps believes that NAHB's procedural claims are without merit. However, even if the TSD is procedurally sound, its substance is being reexamined in light of *Rapanos*.[1]

The Corps and the Environmental Protection Agency have already begun the complex process of developing a new CWA policy in response to the *Rapanos* decision. On remand, the Corps intends to withdraw the TSD within 30 days in anticipation of that new policy, as

---

[1] Recognizing the potential impact of *Rapanos* on this case, the Corps earlier this year moved for, and the Court granted, an extension of the Corps' deadline to answer the Complaint until after a decision in that case was announced.

described in the attached Declaration of Barry F. Gale.[2] That Declaration also makes clear that the Corps will not make any jurisdictional determinations based on the TSD between the filing of this Motion and the date that the TSD is ultimately withdrawn, and that each employee who received the TSD will be notified of its withdrawal via e-mail from the office of the Chief of the Regulatory Branch of the Philadelphia District. The Corps sees no reason to waste the resources of the Court and the parties in litigation over whether the TSD is procedurally defective when the substance of that document is being reconsidered and replaced with new guidance, and when the document itself is to have no force or effect from date this Motion is filed.

The Court has discretion to grant a voluntary remand. The D.C. Circuit, in reviewing agency action that may be affected by new factual developments, "commonly grants such motions, preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993). On the same rationale, an agency must have the opportunity to consider, and advise the Court, whether an intervening change in law may affect an agency decision that is under review. *See National Fuel Gas Supply Corp. v. FERC*, 899 F.2d 1244, 1249-50 (D.C. Cir. 1990), *Panhandle Eastern Pipe Line Co. v. FERC*, 890 F.2d 435, 438-39 (D.C. Cir. 1989). The interest in judicial economy is particularly strong in the present case, which will become moot upon the Corps' withdrawal of

---

[2] NAHB alleges that the TSD "memorializ[ed]" a policy that was orally communicated to certain personnel within the Philadelphia District, as described in the record of a phone conversation between Richard Hassel and John D. Brundage of the Philadelphia District. *See* Compl. ¶¶ 36-39. While the Corps disputes that such a phone conversation, or a record of it, could constitute a "rule" for purposes of the APA, the Corps does not intend to make jurisdictional determinations, as described in the challenged portion of the TSD, on the basis of either that document or any oral communications that the document may have memorialized.

the TSD.

For the foregoing reasons, the Corps respectfully requests that the Court grant this Motion and remand the TSD to the Corps, so that the Corps can withdraw the TSD and reconsider its underlying substance in light of the Supreme Court's decision in *Rapanos*.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

_____
DAVID GUNTER
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington D.C.  20026-3986
Tel:  (202) 514-3785
Fax: (202) 514-8865

Counsel for Defendants

Dated: July 26, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS ) )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES ARMY CORPS OF ENGINEERS, et al., )<br>)<br>Defendants. )<br>) | No. 1:06-cv-00502<br>(PLF) |

**[PROPOSED] ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTION FOR VOLUNTARY REMAND**

Upon consideration of Defendant's Motion for Voluntary Remand, and upon counsel's representation that the Motion is unopposed, and finding that good cause exists to grant the Motion:

Defendant's Unopposed Motion for Voluntary Remand is hereby GRANTED, and it is ORDERED that this matter be remanded to the United States Army Corps of Engineers for further consideration.

SO ORDERED.

_____
Hon. Paul L. Friedman
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-cv-00502 |
| ) | (PLF) |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF BARRY F. GALE

I, Barry F. Gale, do hereby declare and state:

1. I am an Attorney in the Office of Counsel in the United States Army Corps of Engineers ("Corps"), Philadelphia District. I have personal knowledge of all the facts stated in this Declaration.

2. I have been involved in discussions within the Corps, including personnel within the Philadelphia District, concerning the effect of the Supreme Court's decision in *Rapanos v. United States* on a Technical Support Document signed by Frank J. Cianfrani, Chief of the Regulatory Branch of the Philadelphia District, on July 3, 2003.

3. The Corps has determined that, in light of the *Rapanos* decision, the Technical Support Document should be withdrawn.

4. If the Technical Support Document is remanded to the Corps, the Philadelphia District intends to accomplish its withdrawal within 30 days of the date of this Declaration. The typical method by which this would be done is by e-mail from the office of the Chief of

– {PAGE} –

the Regulatory Branch to each person within the Philadelphia District who received the Technical Support Document, notifying them that it has no force and effect in guiding jurisdictional determinations under the Clean Water Act.

5.  The Philadelphia District does not intend to make any jurisdictional determinations based on the Technical Support Document between the date of this Declaration and the date that the Technical Support Document is withdrawn.

I declare under penalty of perjury that the foregoing statements are true and correct.

*[signature]*
Barry F. Gale

Dated: July 26, 2006

2